Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7763 | **DATE** | 6/18/2001 |
| **CASE TITLE** | Dione Reyes vs. Nations Title Agency of Illinois, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant's objections to Plaintiff's attorney's fees and expenses are sustained in part and overruled in part. Plaintiff is awarded $11,410.98 in attorney's fees and $170.00 in expenses.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 19 2001 | |
| | Notified counsel by telephone. | | date docketed | 22 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUN 18 PM 5:10 | | |
| KMC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIONE REYES,                              )
                                          )
    Plaintiff,                            )
                                          )
v.                                        )   No. 00 C 7763
                                          )   Magistrate Judge Nan R. Nolan
NATIONS TITLE AGENCY OF                   )
ILLINOIS, INC.,                           )
                                          )
    Defendant.                            )

DOCKETED

JUN 19 2001

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Nations Title Agency of Illinois, Inc.'s Objections to Plaintiff's Attorney's Fees. The parties have settled the case and reserved for the Court the issue of attorneys fees. Plaintiff Dione L. Reyes seeks attorney's fees in the amount of $41,503.00 and expenses in the amount of $602.35. Defendant does not contend that Plaintiff is not a prevailing party and has stipulated to the reasonableness of the hourly rates charged by the attorneys for Plaintiff. Defendant even concedes that Plaintiff's lawyers are entitled to recover some fees but asserts that the amount must be reasonable in light of the result accomplished. Defendant raises numerous objections to the reasonableness of Plaintiff's fee request. The Court will address each objection in turn.

Defendant first contends that Plaintiff should not recover a substantial portion of her attorney's fees for work done in connection with proceedings before the Equal Employment Opportunity Commission ("EEOC"). Defendant maintains that Plaintiff's attorney's work before the federal agency was wasteful or unnecessary because Defendant's counsel's fees were approximately $20,000 less for work before the agency and Plaintiff did not obtain a favorable result at the EEOC. Defendant has not cited to any case law holding that time spent for legal services before the EEOC is not compensable. Plaintiffs are required to file a charge before the EEOC before proceeding in federal court, and the time spent by Plaintiff's counsel during the proceedings before the EEOC overlapped with the factual

inquiry and research necessary under Fed. R. Civ. P. 11 before filing a federal action. Accordingly, an award of prelitigation fees is reasonable. Moreover, Plaintiff's receipt of only a right to sue letter from the EEOC is hardly unusual and not a valid basis for denying prelitigation fees. Finally, the fact that the time spent by Plaintiff's counsel before the EEOC greatly exceeded the amount of time spent by Defendant's counsel before the agency does not in and of itself lead to the conclusion that Plaintiff's counsel's time was unnecessary or wasteful. Because Defendant has not pointed to any specific time entries concerning Plaintiff's counsel's work before the EEOC which represent wasteful or unnecessary work, the Court finds Defendant's challenge to prelitigation fees without merit.

Defendant also objects to nine time entries (1, 4, 5, 14, 17, 25, 29(2), 44, 46) in which Plaintiff's counsel billed for conversations or conferences without identifying a subject matter. Without an identification of the subject matter, it is impossible for the Court to determine whether the work was necessary and the time spent was reasonable. Abbott v. The Village of Winthrop Harbor, et al., 1999 WL 675292, * 4 (N.D. Ill. Aug. 24, 1999). Seven of the nine time entries were billed as block time and the Court cannot determine the appropriate amount attributable to the conversations or conferences lacking identifying subject matter. Accordingly, the entire time entries billed as block time will be subtracted from the fee award in this instance and in other instances involving block-billing where Defendant's objections are sustained. The fee award is reduced by $4,110.50.

Defendant further argues that Plaintiff's counsel is not entitled to reimbursement for work performed on her state court claim because the parties settled this claim and the amount of fees recoverable on this claim. Defendant paid Plaintiff $11,500 for her attorney's fees and costs in the state court matter. It would be unfair to allow Plaintiff to recover a second time for the same legal work. Defendant identified six time entries (2(2), 3(2), 4, 8(3), 9, and 10) which include work performed on the state claim. Time entry number 4 was previously subtracted from the fee award. Accordingly,

Plaintiff's fee award is reduced by $1158.50.

Defendant also objects to Attorney Chris Heinskill's attendance at one court status and Plaintiff's deposition as a spectator. Plaintiff responds that Mr. Heinskill never appeared in court on behalf of Plaintiff. Accordingly, his time on February 1, 2001 for "attend[ing] court on trial call status" is not reimbursable. Plaintiff claims that Mr. Heinskill's attendance at Plaintiff's deposition was necessary to assist lead counsel with the preparation of exhibits and possible questions for examination. The Court is not convinced that Mr. Heinskill's presence was necessary. Generally, only one attorney from a side need be present at a deposition in a single plaintiff discrimination case. It was unnecessary for two attorneys per side to be present at Plaintiff's deposition. Plaintiff has not shown that this case was sufficiently complex or difficult to warrant the use of two attorneys at the Plaintiff's deposition. The recoverable fees will be further reduced by $688.50 ($189.00 + $499.50).

Plaintiff does not respond to Defendant's objections regarding unnecessary or clerical time entries (6(2), 7, 9, 12(2), 18, 79, 85), time spent on issues and claims not pursued (108), and duplicating, postage, and online research expenses. Accordingly, Defendant's objections are sustained. Time entries 7 and 79 have already been subtracted from the fee award. The fee award will be reduced by $1067.00 ($179.00 + $888.00) and the expense award will be reduced by $432.35.

Defendant next contends that 61 out of 110 of Plaintiff's counsel's time entries are block-billed, and block-bill entries should not be compensated. Defendant appears to object to Plaintiff's counsel's practice of in many instances billing time spent on multiple tasks as a single block of time. Defendant requests that the Court remove the block-billed entries and reduce the fee award to $16,936.50 or reduce the fee petition amount by the percentage of entries block-bill (55%). Although lumping together numerous tasks in one time entry may hinder a court's ability to evaluate the necessity of the work performed and the reasonableness of the time billed, the Court declines Defendant's invitation

to drastically reduce Plaintiff's fee petition because of block-billing. Rather, the Court will reduce the fee award by $1875.70 or 10% of $18,757.00 for services included in block-billed entries which have not already been subtracted from the award. See Poynor v. Community Unit School District #300, 1999 WL 1101566, *1 (N.D. Ill. Nov. 30, 1999)(reducing the amount of fees block-billed by 10%). Defendant's objection is sustained in part.

Finally, Defendant believes the fees of Plaintiff's counsel are excessive in light of the result achieved. Taking into account the objections sustained above, the reduced lodestar fee is $32,602.80. Once the lodestar amount is calculated, the court may adjust the fee award in accordance with the plaintiff's level of success. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The Supreme Court has noted that "the most critical factor is the degree of success obtained." Id. at 436. In determining the degree of success obtained, the Seventh Circuit has used a three factor test set forth by Justice O'Connor in Farrar v. Hobby, 506 U.S. 103 (1992). See Connolly v. National School Bus Service, Inc., 177 F.3d 593, 597 (7th Cir. 1999). Under this test, the court should "look at the difference between the judgment and the recovery sought, the significance of the legal issues on which the plaintiff prevailed and finally, the public purpose served by the litigation" Id. (quoting Cartwright v. Stamper, 7 F.3d 106, 109 (7th Cir. 1993)). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." Id. (quoting Bankston v. State of Illinois, 60 F.3d 1249, 1256 (7th Cir. 1995)).

Here, Plaintiff sought back pay, compensatory damages, front pay in lieu of reinstatement, punitive damages, and reasonable attorney's fees in unspecified amounts. This case was settled approximately three months after the complaint was filed. Defendant represents that Plaintiff received no declaratory relief, back pay, front pay, or monetary settlement payable to her as a result of the settlement, and Plaintiff does not dispute Defendant's representation regarding her lack of success.

Plaintiff's success was therefore minimal at best. Moreover, Plaintiff has not shown that this case was anything other than a "run-of-the mill" single plaintiff employment discrimination case with no broad social impact. Cooke v. Stefani Management Services, Inc., 2001 WL 504205, *5 (7th Cir. 2001). The allegations in Plaintiff's complaint confirm her attempt to redress a private injury rather than serve a public purpose. The above three factors weigh firmly in favor of substantially reducing the Plaintiff's fee award. Plaintiff's reduced lodestar fees are further reduced by 65% to an award of $11,410.98 in fees. Cooke, 2001 WL 504205 at *5 (upholding district court's 50-percent reduction of requested fees and costs to an amount nearly seven times the amount of plaintiff's recovery); Connolly, 177 F.3d at 598 (holding district court did not abuse its discretion by decreasing requested fees by 50% where plaintiff received $10,000 in settlement compared to her initial $40,000 demand and the litigation served only a limited public purpose); Cole v. Wodziak, 169 F.3d 486, 488 (7th Cir. 1999) (affirming magistrate judge's almost 84 percent reduction in fees given low ratio of damages awarded to compensation demanded).

For the reasons explained above, Defendant's objections to Plaintiff's attorney's fees and expenses are sustained in part and overruled in part. Plaintiff is awarded $11,410.98 in attorney's fees and $170.00 in expenses.

ENTER:

*Nan R. Nolan*
**Nan R. Nolan**
**United States Magistrate Judge**

Dated: 6-18-2001